IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02872-WJM-MJW

MASTERTECH SERVICES, INC., a Colorado corporation,

Plaintiff(s),

v.

NAES CORPORATION, a Washington corporation,

Defendant(s).

---

### STIPULATED QUALIFIED PROTECTIVE ORDER PURSUANT TO 45 C.F.R. § 164.512(e) (Docket No. 21-1)

---

Plaintiff MasterTech Services, Inc. ("MasterTech"), Counterclaim Defendant Cooling Tower Depot, Inc. ("Cooling Tower") and Defendant NAES Corporation ("NAES") (individually, "Party," and collectively, "Parties") hereby stipulate to the entry of a Qualified Protective Order pursuant to 45 C.F.R. § 164.512(e) with regard to disclosure by either party of certain protected health information under 45 C.F.R. § 160.103 ("Protected Health Information").

1. In this action, entitled *MasterTech Services, Inc. v. NAES Corporation*, 12-CV-02872 (U.S. District Court of Colorado), the Parties and nonparties may disclose documents and information, which shall contain Protected Health Information.

2. The Party or non-party that in good faith believes the documents and information contain Protected Health Information and produces or discloses the Protected Health Information shall be the "Designating Party."

3. This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and other information disclosed pursuant to the disclosure or discovery duties set forth in the Federal Rules of Civil Procedure which contain Protected Health Information.

4. As used in this Protective Order, "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin or location, of any book, pamphlet, periodical, letter, journal, memorandum (including memorandum or report of a meeting or conversation), invoice,


bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, drawing, sketch, graph, index, list, audiotape, videotape, photograph, microfilm, data sheet or data processing card, computer records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced.

5. Documents that contain Protected Health Information do not have to be designated, stamped or labeled as confidential. Protected Health Information shall be protected by all Parties without such confidential designation.

6. Deposition testimony that contains protected health information may be designated as confidential if counsel, the witness, or the party or non-party whose protected health information is to be or was disclosed, states on the record that the portion of the deposition is to be treated as confidential. Additionally, a party or nonparty may designate protected health information as confidential in writing within thirty (30) calendar days of the completion of the transcript of the deposition (as certified by the court reporter). After any written designation, each party shall be responsible for marking copies of the deposition transcript in their possession with the label or stamp set forth in this paragraph.

7. The Protected Health Information shall be used only for the purposes of this litigation, including any and all appeals.

8. Confidential documents and/or materials containing Protected Health Information, shall be disclosed only to the following persons, after such persons (except for the judge, the judge's staff and the jury) are given a copy of this Protective Order and agrees to be bound thereby by signing a copy of the "Certification," the form of which is attached hereto as Exhibit A:

    a. Counsel for the parties including their associates, legal support staff and administrative staff;

    b. Qualified persons taking testimony involving Protected Health Information and necessary stenographic and administrative personnel;

    c. Experts and their staff retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this action;

    d. The judge assigned to hear this action and court personnel who, in their regular course of duties, assist the judge in the administration and adjudication of this action and the jury;

    e. Fact witnesses who require access to Protected Health Information to testify.

9. Protected Health Information shall be used only for the purposes of this action. Protected Health Information shall not be used in any other litigation or proceeding absent a written agreement, signed by all of the Parties to this Order, or by court order.

10. Protected Health Information shall not be disclosed or used by persons other than those permitted access under Paragraph 8.

11. Each individual who receives any Protected Health Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

12. The recipient of any Protected Health Information shall maintain the information in a secure and safe area and in a manner which ensures that access to Protected Health Information is strictly limited to persons entitled to receive Protected Health Information in accordance with the provisions of this Order.

13. Only persons authorized to receive or view Protected Health Information shall be permitted to attend portions of depositions during which Protected Health Information is disclosed. During the course of a deposition, if the response to a question would require the disclosure of Protected Health Information, the witness may refuse to answer or the Designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Protected Health Information have left the room.

14. Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any the testimony, that all information designated Protected Health Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any testimony designated as Protected Health Information will be retained in absolute confidence and safekeeping by the reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court. The Party who notices a deposition shall be responsible for notifying any court reporter or videographer of these obligations.

15. With respect to all motions, the Parties agree that when filing or opposing a discovery motion, counsel must file Protected Health Information as well as any materials setting forth the substance of Protected Health Information under seal. The Parties also agree that any motion or attachment filed with the Court that contains any Party's or any individual's social security number will be filed with the Court under seal.

16. Nothing in this Order shall prevent a Designating Party from using information it discloses as Protected Health Information in any manner it desires.

17. Nothing in this Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Protected Health Information as that Party may consider appropriate.

18. All provisions of this Order restricting the communication or use of Protected Health Information shall continue to be binding after the conclusion of this litigation, including all appeals, unless otherwise agreed or ordered. Within thirty (30) days of the conclusion of the litigation, including time for all appeals, each Party shall destroy all Protected Health Information provided by other Parties. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product that contain Protected Health Information, provided they do not disclose the Protected Health Information or use it for any purpose unrelated to this action except as permitted by court order or agreement with the Designating Party. Each Party shall certify in writing that all of the material has been destroyed and serve the certification on all other Parties within the time permitted for destruction.

19. If any Party or person subject to this Order receives a court order, subpoena or other process demanding production on Protected Health Information, that person or Party shall promptly notify the attorneys of the Designating Party of the document sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against the subpoena, process, or order. The Party served the discovery request, subpoena or other process shall, once sufficient notice to all interested parties and a reasonable opportunity (but in no case less than ten (10) business days after notice) to object has been given, be entitled to comply with the subpoena, discovery request or other process order except to the extent the Designating Party has filed for or succeeded in obtaining an order modifying, staying, or quashing the subpoena, discovery request or other process or to the extent the filing of the motion to modify, stay or quash the subpoena, discovery or other process stays the Party's obligation to comply with the request. If the return or response date for the subpoena or the compliance date for any order is less than ten business days after service, the Party receiving the subpoena or order shall: (1) request an extension of the return or compliance date; and (2) advise the Designating Party immediately of the return or compliance date.

20. By agreeing to this Order, the Parties have not waived any applicable privilege or work product protection. Nor does this Order affect the ability of a Party to seek relief for inadvertent disclosure of privileged documents and information.

21. The agreement to the designation of Protected Health Information in this Order does not constitute an admission as to the confidential nature and/or trade secret status of the information. The designation of Protected Health Information is not admissible before any trier of fact.

22. This Court retains jurisdiction ~~even after~~ /Until/ termination of this action to enforce this Order and to make deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time. Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order.

*[handwritten: MJW 1-4-13]*

23. By entering this Protective Order neither Party acknowledges that Protected Health Information is discoverable in these proceedings and each party reserves the right to assert arguments regarding the same.

24. By entering this Protective Order, neither Party acknowledges or admits that they are a Covered Entity, as defined by 45 C.F.R. § 160.103.

DATED at Denver, Colorado, this 4th day of January, 2013.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**STIPULATED and AGREED TO:**

s/ *Christopher R. Mosley*
Christopher R. Mosley
Melissa Kerin Reagan
Sherman & Howard L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900

s/ *Andrew B. Clauss*
Andrew B. Clauss
Christopher W. Brophy
Wong Fleming
7600 East Arapahoe Road, Suite 312
Centennial, Colorado 80112
Telephone: (970) 423-7193

*Attorneys for Plaintiff MasterTech Services, Inc. and Counterclaim Defendant Cooling Tower Depot, Inc.*

s/ *Dean Richardson*
Paul R. Wood
Dean Richardson
Moye White
1400 16th Street
Denver, CO 80202 *Attorneys for Defendant NAES Corporation*

**Exhibit A to Stipulated Protective Order Concerning Confidential Information**

**Certification**

I, _____ (print or type name) hereby certify that I have read the Stipulated Qualified Protective Order Pursuant to 45 C.F.R. § 164.512(e) in the action entitled *MasterTech Services, Inc. v. NAES Corporation*, 12-CV-02872 (U.S. District Court of Colorado), that I understand the terms and effect of that Order, and that I agree to be bound by it. I further agree to submit to the jurisdiction of the U.S. District Court of Colorado in connection with the Order.

I understand that all Confidential Information, as defined in the Order, including, any copies or notes or other transcriptions, shall be maintained in a secure manner and shall be returned upon the first of (1) termination of my services in this action, or (2) thirty (30) days following the termination of this litigation, including all appeals.

Date: _____  Signature: _____

Printed name: _____

Full Address: _____

_____

6

LITIGATION/3686036.1