**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2872-WJM-MJW

MASTERTECH SERVICES, INC., a Colorado corporation

    Plaintiff,

v.

NAES CORPORATION, a Washington corporation,

    Defendant/Counterclaim-Plaintiff,

v.

COOLING TOWER DEPOT, INC., a Nevada corporation,

    Counterclaim-Defendant.

---

**ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff Mastertech Services, Inc. ("Plaintiff") brings this action against NAES Corporation ("Defendant"). Before the Court is Defendant's Motion for Partial Summary Judgment (the "Motion"). (ECF No. 39.) For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff is a building contractor that builds field-erected industrial cooling towers around the United States. (ECF No. 3 ¶ 1.) Defendant outsources its employees to work with businesses such as Plaintiff. (*Id.* ¶ 2.)

In June 2011, Plaintiff and Defendant entered into a Contract for Staffing Services (the "Contract") in which Defendant provided temporary workers to work on Plaintiff's project sites. (ECF No. 39-1.) The Contract provided that Texas law shall apply. (*Id.* ¶ 17.) The Contract also provided that Defendant was required to maintain workers' compensation coverage. (ECF No. 39-1 ¶ 8.)

On April 27, 2012, two of Defendant's employees were involved in an automobile accident while driving one of Plaintiff's vehicles (the "Accident"). (ECF Nos. 43-6 ¶ 4, 43 at 2.) Defendants' employees submitted workers' compensation claims to Defendant. (ECF No. 43-4 at P-15.) Although Defendant's third-party administrator, ESIS, began to administer the claims, ESIS ultimately denied the claims. (ECF No. 44 at 4.) The employees subsequently filed workers' compensation lawsuits against Plaintiff in Arkansas. (ECF Nos. 43 at 7, 43-6 ¶¶ 3-4.) Defendant has refused to defend or indemnify Plaintiff from the workers' compensation claims and the pending litigation in Arkansas. (*Id.* ¶ 19.)

On these facts, Plaintiff filed this action against Defendant on August 14, 2013. (ECF No 3.) Plaintiff alleges six claims for relief: (1) declaratory judgment; (2) fraudulent inducement and intentional misrepresentation; (3) negligent misrepresentation; (4) breach of contract; (5) breach of duty of good faith and fair dealing; and (6) indemnification. (*Id.* ¶¶ 48-74.) Defendant answered the Complaint on November 21, 2012, and asserted counterclaims against Plaintiff and Cooling Tower Depot, Inc. ("Counterclaim-Defendant"), Plaintiff's parent company and alleged alter ego. (ECF No. At 16-27.)

On August 14, 2013, Defendant filed a Motion for Partial Summary Judgment on Plaintiff's fifth claim (breach of good faith and fair dealing) and sixth claim (indemnification). (ECF No. 39.) On September 4, 2013, Plaintiff and Counterclaim-Defendant filed a joint Response to Defendant's Motion. (ECF No. 43.) On September 18, 2013, Defendant filed its Reply Brief in Support of its Motion. (ECF No. 44.) On September 30, 2013, Plaintiff and Counterclaim-Defendant filed a joint Response to Defendant's Additional Material Facts. (ECF No. 45.)

The Motion is now ripe for resolution.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The

Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III.  ANALYSIS

Defendant moves for summary judgment on Plaintiff's claims for breach of duty of good faith and fair dealing and indemnification.  (ECF No. 39 at 1.)  The parties agree that, for purposes of this Motion, Texas law applies.  (ECF No. 43 at 10 n.1.)

**A.      Duty of Good Faith and Fair Dealing**

 "Texas law does not recognize a common law duty of good faith and fair dealing in most contracts or business transactions."  *Cent. Sav. & Loan Ass'n v. Stemmons Nw. Bank, N.A.*, 848 S.W.2d 232, 239 (Tex. App. 1992).  A duty of good faith and fair dealing may arise, however, "as a result of a special relationship between the parties governed or created by a contract."  *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987).  One such special relationship exists between an insurer and an insured.  *See id.*

Plaintiff argues that Defendant's contractual obligation to provide workers' compensation insurance created a special relationship between Defendant and Plaintiff as insurer and insured.  (ECF No. 43 at 15-16 (citing ECF No. 39-1 ¶ 8).)  Defendant contends that it did not act as an insurer by introducing evidence that Defendant was not self-insured, (*see* ECF No. 44-2 at 16:18-22), that it maintained its workers' compensation policy through a formal insurance company, (*id.* at 18:23), and a third-party administrator handled its workers' compensation claims processing.  (*Id.* 18:23-24.)

These facts show that Defendant does not have the same duty of good faith and fair dealing as that imposed upon a formal insurance company.  *But cf. E-Z Mart Stores, Inc. v. Hale*, 883 S.W.2d 695, 700 (Tex. App. 1994) (finding that an employer that self-insured its employees assumed the role of a workers' compensation company and placed itself under the same duty of good faith and fair dealing as that imposed on a formal insurance company).  Therefore, the Court finds that there is not a special relationship between the parties, and that Defendant does not owe Plaintiff a duty of good faith and fair dealing.

Accordingly, Plaintiff's motion for summary judgment on Plaintiff's claim for duty of good faith and fair dealing is granted.

**B.     Indemnification**

Plaintiff seeks indemnification for the expenses it has incurred in defending the workers' compensation lawsuits filed as a result of the Accident.  (ECF No. 43-6 ¶¶ 3, 4, 6, 7.)  Defendant moves for summary judgment on Plaintiff's claim for indemnification on the grounds that the Contract contains no express or implied indemnification language, which is required under Texas law.  (ECF No. 39 at 8-9 (citing *UMC, Inc. v. Coonrod Elec. Co.*, 667 S.W.2d 549, 554 (Tex. App. 1983) ("The right to indemnity and the obligation to indemnify generally spring from contract, express or implied, which contract determines the extent of the right to be indemnified, and in the absence of an express or implied contract a right to indemnity does not exist.").)

Plaintiff argues that its cause of action for indemnification is valid for two reasons: (1) Defendant was contractually obligated to provide workers' compensation insurance;

and (2) Defendant had actual knowledge of the indemnity agreement's existence. (ECF No. 43 at 10-15.)

As to Plaintiff's first argument, Plaintiff avers that indemnity agreement is contained in Paragraph 8 of the Contract, which states:

> 8. <u>Insurance</u>: [Defendant] shall, prior to commencing work at a [Plaintiff] facility, secure and maintain the following insurance coverage:
>
> - Employers Liability insurance with a limit of $500,000.00.
> - Workers' Compensation insurance that meets statutory requirements.
> - Commercial General Liability insurance with a single limit of $1,000,000 to include:
> a) Bodily injury and property damage
> b) Contractual liability
>
> Business Automobile Liability insurance with a minimum single limit of $1,000,000 for bodily injury and property damage with respect to NSS' vehicles whether owned and hired in the performance of the work.

(ECF No. 43 at 10-15 (citing ECF No. 39-1 ¶ 8).)

Plaintiff notes that this provision does not contain the appropriate "magic" indemnity language, such as "indemnify, save, protect, save/hold harmless." (ECF No. 43 at 11.) Instead, Plaintiff argues that the express language requiring Defendant, and not Plaintiff, to provide workers' compensation insurance "by its very nature encompasses indemnifying [Plaintiff] for any costs it incurs in resolving claims that should have been resolved by Defendant." (*Id.* at 12.) The Court disagrees.

Paragraph 8 of the Contract merely obligates Defendant to maintain workers' compensation insurance. (ECF No. 39-1 ¶ 8.) Not only does the paragraph not contain the "magic words," it does not contain any language expressly or impliedly obligating

6

Defendant to protect Plaintiff against claims brought by third parties.  *See MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 63 (Tex. App. 2005) ("An indemnity provision . . . obligates the indemnitor to protect the indemnitee against claims brought by third parties.")  Therefore, the Court finds that the Contract does not contain an indemnity agreement.

Plaintiff's second argument is that the indemnity agreement did not need to be conspicuous, because Defendant had actual knowledge of its existence and understood that it was required to indemnify Plaintiff.  (ECF No. 43 at 12-13.)  Plaintiff cites a line of cases holding that under Texas law, an indemnity agreement does not need to be conspicuous if "the indemnitor possessed actual notice or knowledge of the indemnity agreement."  *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 n.2 (Tex. 1993).

The flaw in Plaintiff's argument is that it presumes that there was a valid indemnity agreement.  Plaintiff seems to ignore this detail and instead argues that Paragraph 8 should be treated as an indemnity agreement because party representatives presumed that it was an indemnity agreement.  (ECF No. 43 at 7-9.)  The Court has already determined that the Contract does not contain an indemnity agreement, therefore Plaintiff's argument has no merit.

Furthermore, the Court may not look to the intent or knowledge of the parties in these circumstances.  "Parol evidence is not admissible to render a contract ambiguous, which on its face, is capable of being given a definite certain legal meaning."  *Sun Oil*

*Co. v. Madeley*, 626 S.W.2d 726, 732 (Tex. 1981) (citation omitted).  Since the Contract is not ambiguous, the Court "will give effect to the intention of the parties as expressed or as is apparent in the [Contract]." *Id.*

Accordingly, Plaintiff's motion for summary judgment on Plaintiff's claim for indemnification is granted.

### IV.  CONCLUSION

Accordingly, the Court ORDERS as follows:

1.  Defendant's Motion for Partial Summary Judgment (ECF No. 39) is GRANTED;

2.  Plaintiff's claims for breach of duty of good faith and fair dealing (Claim 5) and indemnification (Claim 6) are DISMISSED WITH PREJUDICE;

3.  This action shall proceed on Plaintiff's remaining claims against Defendant and Defendant's counterclaims against Plaintiff and Counterclaim-Defendant; and

4.  The Final Trial Preparation Conference remains set for August 29, 2014, with a five-day jury trial to begin on September 15, 2014.

Dated this 27th day of March, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge